<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4659**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ARMANDO LUVIANO-VILLANUEVA,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Joseph F. Anderson, Jr., District Judge.  (3:11-cr-02135-JFA-2)

Submitted:  February 20, 2014     Decided:  February 25, 2014

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Armando Luviano-Villanueva pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute over five kilograms of cocaine. He received a 168-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising whether Luviano-Villanueva's waiver of appellate rights was knowing and voluntary and whether the sentence imposed by the district court is reasonable. Luviano-Villanueva has filed a pro se supplemental brief. The Government declined to file a response. We affirm.

Although counsel raises the voluntariness of the waiver provision, the Government has not asserted the waiver. In light of our responsibility under Anders and giving Luviano-Villanueva the benefit of the doubt, we also review the voluntariness of the entire guilty plea. Because Luviano-Villanueva did not move to withdraw his plea, we review his Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Here, we find no error, as the district court fully complied with Rule 11 when accepting Luviano-Villanueva's plea. Given no indication to the contrary, we therefore find that Luviano-Villanueva's plea was knowing and voluntary, and, consequently, final and

2

binding.  See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

Next we review Luviano-Villanueva's sentence for reasonableness using an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  The court first reviews for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. Id. at 51.  Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence.  Id.  To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).  The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review.  Id. at 330.  Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this court applies a presumption of reasonableness.  United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

The district court heard argument from the parties, afforded Luviano-Villanueva an opportunity to allocute, declined

3

Luviano-Villanueva's request for a downward variance and imposed a sentence of 168 months—at the bottom of the Guidelines range. The court heard argument on the downward variance and noted that Luviano-Villanueva did not have a prior criminal record and that he appeared remorseful. However the court also noted that the distribution of five kilograms of cocaine was a serious offense. The court expressly considered the § 3553(a) factors and rendered an individualized assessment in this case. The court stated that the sentence was sufficiently severe, but not greater than necessary, to punish the offense. We conclude that Luviano-Villanueva has not rebutted the presumption of reasonableness and that the court did not abuse its discretion in imposing the chosen sentence.

Luviano-Villanueva's supplemental brief argued that his sentence constitutes cruel and unusual punishment because he is a first-time offender and, he alleges, the nature of the offense was not serious. Even if we may review an Eighth Amendment proportionality challenge, the facts here do not demonstrate a sentence that is constitutionally disproportionate to the offense of conviction and that is cruel and unusual in violation of the Eighth Amendment. See United States v. Hashime, 734 F.3d 278, 286-87 (4th Cir. 2013) (King, J., concurring) (drawing attention "to a misperception of the law of this Court with respect to whether a sentence short of life

4

imprisonment may be reviewed to ensure that it is constitutionally proportionate to the offense of conviction . . . .").

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Luviano-Villanueva's conviction and sentence. This court requires that counsel inform Luviano-Villanueva, in writing, of the right to petition the Supreme Court of the United States for further review. If Luviano-Villanueva requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Luviano-Villanueva. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>